REICHERT v. CARFLOAT NEW YORK, N. H. & H. R. CO. NO. 25.

(District Court, E. D. New York. March 13, 1914.)

SALVAGE (§ 10*)—RIGHT TO COMPENSATION—SERVICE RENDERED TO BURNING CAR FLOAT.

    A tug, which assisted others in keeping down a fire on a car float and the cars thereon until the arrival of the fireboats of the city, *held* entitled to a salvage award for the service.

    [Ed. Note.—For other cases, see Salvage, Cent. Dig. §§ 18–20; Dec. Dig. § 10.*]

In Admiralty. Suit by William Reichert, owner of the steam tug Roy, against Car Float No. 25 of the New York, New Haven & Hartford Railroad Company. Decree for libelant.

Foley & Martin, of New York City (James A. Martin, of New York City, of counsel), for libelant.

Charles M. Sheafe, Jr., of New York City (Madison G. Gonterman, of New York City, of counsel), for claimant.

CHATFIELD, District Judge (orally). The evidence indicates in this case that the Roy arrived at the fire at a time when there was considerable flame and smoke, and that it succeeded in getting a stream of water upon the fire on the lea side and under or through the cars, so as to drive the fire back against the wind, about the same time that the two Pennsylvania tugs became able to get their streams of water in play. Prior to that the Johnstown had pulled the float away from the dock, and thus rendered service in preventing danger to other property. The No. 7 was far enough behind the Johnstown to prevent her sharing in pulling the float out, but as the float was turned in the river she ran up on the windward side, where her lines could best be made fast to take charge of the boat, and the Johnstown then went ahead to get at the fire. The streams from these two boats were from their standpipes, and their crews had evidently, up to this time, been occupied to some extent in attending to the movements of the boats and to their lines. The streams from the standpipes were played directly upon the flames, which were shooting up around and between the cars, but could not reach the seat of the fire, because the nozzles of the standpipes were above the tops of the cars and above the level of the roof, along over the platform between the lines of cars.

The Roy, on the other hand, went as close to the point opposite the fire as she could reach in the face of the flame and smoke, carried to that spot by the northwest wind, and the result of the operations of the three tugs was such that by the time the fireboats arrived the flames had been driven back and beaten down, and the two fireboats, working for ten minutes, extinguished the fire. The other details need not be considered. The tugs had a stream on the fire for at least five minutes and probably a little longer.

The value of the cars and the float, being at least $12,000, made the service worthy of consideration, in so far as the entire saving by

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

putting out the fire is concerned; but the elements of danger and the value of immediate aid before the arrival of the fireboats is considerably diminished by the fact that the cars were all empty wooden freight cars and that no inflammable or dangerous cargo was present. The difference in loss between what occurred and what would have occurred if no aid had been given until the fireboat arrived (leaving out of the question any possible loss, if the boat had remained at the dock) could not have been very large.

This case resembles many cases that arise in the harbor, where the allowance of an award for salvage services is justified, but where the amount of the award should not cause deliberate entry upon litigation which takes as much time in court and requires the attendance and testimony of as many witnesses as if the amount involved were large. Libelants must not be encouraged to force the trial of cases by punitive awards against the claimant, nor should the claimant be allowed to combat every case, whether worthy or unworthy, by seeking to show that no award at all should be given, and by thus making the litigation entirely unproductive, even in a worthy case, if the award is always kept down to such bare compensation as would have been reasonable if no litigation were involved. Such situation rests upon both parties, and the court cannot apply any corrective measures, unless in the individual case the situation is so bad that the particular parties should be punished.

In the present case the situation needs to be stated, but the facts do not justify treatment of the particular case in any other way than from the basis of a trial upon the evidence of what happened. The three tugs did render services before the arrival of the fire department, which should be considered as salvage and worthy of compensation and award. The Pennsylvania tugs did the duty which they were called upon to do first, and did not devote themselves merely to proceeding at once to the seat of the fire to put out the fire alone. This, in fact, was impossible until the boat was out in the stream, and the Roy was on hand and ready at that moment, and seems to have gotten directly at the fire, and to have done exactly what would be expected from that time on.

Assuming that a fair award for the services of the three tugs should be taken into account, and that the Roy sustained an equal share in preventing further loss to the cars by the fire, it would seem that a decree for $200 would be proper, one-third to the crew and two-thirds to the owner.